EMILIO GONZÁLEZ CUEVAS, peticionario y apelante, *v.* ASOCIACIÓN FONDO DE AHORRO Y PRÉSTAMO DE LOS EMPLEADOS DEL GOBIERNO INSULAR DE PUERTO RICO, el AUDITOR y el TESORERO DE PUERTO RICO, demandados y apelados.

Núm. 7751.—*Sometido:* Julio 5, 1938. *Resuelto:* Noviembre 9, 1938.

R. *Cuevas Zequeira,* abogado del apelante; R. *Martínez Nadal, Celestino Iriarte, Bolívar Pagán, C. Ruiz Nazario, F. Fernández Cuyar, H. González Blanes* y *Carlos H. Juliá,* abogados de la apelada; *Hon. Procurador General B. Fernández García,* abogado del Tesorero y del Auditor de Puerto Rico.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Emilio González Cuevas, profesor elemental de las escuelas públicas de Juncos, presentó en la Corte de Distrito de San Juan una petición de sentencia declaratoria alegando que ejerce su cargo a virtud de contrato durante el año escolar 1937–38 con el Gobierno de Puerto Rico, mediante compensación de $85.50 mensuales; que la Legislatura Insu

lar en mayo 15, 1937, decretó la Ley Núm. 150 que obliga a todos los funcionarios y empleados permanentes del Gobierno, incluyendo maestros, a ingresar en la Asociación Fondo de Ahorro y Préstamos del Gobierno Insular de Puerto Rico, lo que implica el descuento de un tres por ciento mensual de sus sueldos que se separa por el Auditor y se entrega al Tesoro de la Isla para constituir el fondo de ahorros y préstamos de dicha Asociación, y que dicha ley es nula por estar en conflicto con el artículo 2 del Acta Orgánica ya que priva al peticionario de sus sueldos sin el debido procedimiento de ley y menoscaba el valor de su contrato, siendo nula además porque infringe las secciones 25 y 34 de la propia Carta Orgánica ya que delega facultades legislativas en la Asociación y viola el principio de que no se puede aumentar o disminuir el sueldo de un funcionario después de su elección o nombramiento.

También sostiene el peticionario que la ley de que se trata es nula por discriminatoria por cuanto establece diferencias en el goce de los beneficios según que los empleados aprueben o no el examen físico o el de cualquiera otra índole que el médico de la Asociación creyere conveniente exigir.

Figuran en la petición como demandados la Asociación y el Auditor y el Tesorero de Puerto Rico, quienes formularon excepciones previas y en su contestación sostuvieron la validez de la ley.

La petición fué declarada finalmente sin lugar en enero 19, 1938, y el peticionario apeló para ante esta Corte Suprema. Archivados los autos se radicó por los apelados una moción de desestimación por causa de frivolidad que fué discutida tan ampliamente por las partes por escrito y oralmente que el caso se dejó por ellas expresamente sometido para su decisión final en sus méritos.

Tras un estudio cuidadoso de todas las cuestiones envueltas, estamos convencidos de que la ley es constitucional. Aparte de las razones que se consignan en la opinión de los

tres jueces de distrito que pronunciaron la sentencia, encuentra la misma firme sostén en las expuestas por la Corte Suprema de New Jersey, en el caso de *Allen* v. *Board of Education*, (N. J.) 79 Atlantic Reporter 101, similar al presente, como sigue:

"En la corte de distrito de la ciudad de Passaic, la demandante, una maestra escolar, radicó una acción para recobrar la suma de $54.16 como salario que le adeudaba la demandada, la Junta de Educación, por el mes de abril, 1910, que había vencido y del cual la demandante había deducido y reservado la cantidad de $1.08, siendo 2% del sueldo, reclamando derecho a hacerlo por virtud del artículo 219. del suplemento a la ley escolar aprobada en mayo 7 de 1907. P.L. 1907, pág. 371. La verdadera controversia se refiere al derecho del demandado a hacer tal deducción.

"Aparece que las partes otorgaron un contrato por escrito el 27 de mayo de 1909, por el cual la demandante quedaba empleada como una maestra elemental en las escuelas públicas de la ciudad por un sueldo anual de $650 pagadero en doce idénticos plazos al final de cada mes y comenzó (la demandante) a ejercer sus funciones en 7 de septiembre de 1909. Después de argumentar ante esta corte, la Junta radicó moción para que se desestimara la apelación, porque la demandante no había hecho un esfuerzo para que el Superintendente Estadual de Escuelas Públicas o la Junta de Educación del Estado, pasaran sobre la controversia antes de comenzar el pleito, de acuerdo con la ley de 1903. La conclusión a que esta corte ha llegado en lo que concierne a la disposición de este caso en sus méritos, hace innecesario el pasar sobre la moción de desestimación. . . . .

"El fondo de retiro de maestros fué creado por ley de 1896. P.L. 1896, pág. 58. Se aprobó una enmienda en 1899. P.L. 1899, pág. 75. . . . Por la ley enmendatoria de 1907 (P.L. 1907, pág. 374, sec. 221, párr. 4) se aprobó una nueva sección que lee: 'Toda persona que sea nombrada para cualquier puesto que se designe más adelante, en o después del primer día de enero, mil novecientos ocho, se hará un miembro del fondo por virtud de tal nombramiento.'

"Esta ley estaba en vigor cuando se otorgó el contrato entre la demandante y la demandada, y formó parte de tal contrato, y fué uno de los términos del empleo de la demandante. La creación de este fondo fué una importante medida pública, que bien puede considerarse como tendente a hacer el sistema escolar gratis creado por la ley a la vez más completo y efectivo haciendo el cargo de

maestro deseable debido a las ventajas que del fondo se derivan. Fué un plan público diseñado con el propósito de mejorar una rama del servicio. Se ofreció a personas que buscaban y deseaban una posición de maestro, quienes estaban en entera libertad, a su opción, de aceptar tales posiciones, sujetas a los términos del estatuto, o de rechazarlas. Si aceptaron, entonces los términos de la ley, por tal aceptación, les son obligatorios. Concluímos, por tanto, que la ley, fuera de alguna invalidez constitucional, vino a formar parte del contrato celebrado entre las partes a esta acción, y autorizó la deducción del por ciento que retuvo la junta escolar, y que la sentencia de *nonsuit* fué debidamente ordenada.

"Se levantan, sin embargo, objeciones constitucionales a la ley por la demandante: Primero, se dice que viola la primera sección del 'Bill of Rights' y priva a las personas de su propiedad sin el debido proceso de ley. La argumentación es al efecto que el procedimiento que establece la ley constituye el quitar la propiedad a una persona para dársela a otra, o, si el uso se considerase un uso público, entonces se está quitando propiedad privada sin justa compensación. Este argumento pierde de vista el hecho de que, por los términos del contrato de empleo, de los que forman parte las disposiciones de la ley, el salario que debe pagarse es una cantidad neta, y no una cantidad bruta, y por lo tanto no hubo, de hecho, una privación. . . . .

"A través de estos contratos (de servicio con los maestros) se establece un fondo disponible en casos de incapacidad y vejez, y de él emanan alicientes para un servicio largo y continuo, con la consecuente mayor experiencia y otras numerosas ventajas, que saltan a la vista de toda persona sensata, que abogan por la eficiencia y la cabalidad."

*Debe declararse, en tal virtud, el recurso sin lugar y confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Hutchison y De Jesús no intervinieron.